IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G. NEIL GARRETT, D.D.S., P.C., on behalf of plaintiff and the class members defined herein,    ) ) ) ) | |
| ) | Case No. 13 C 7965 |
| Plaintiff,    ) ) | |
| v.    ) ) | Judge John Robert Blakey |
| NEW ALBERTSON'S, INC., doing business as JEWEL-OSCO, and JOHN DOES 1-10,    ) ) ) ) | |
| Defendants.    ) | |

## ORDER FINALLY APPROVING THE SETTLEMENT

On **June 5, 2015**, this Court entered an Order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant New Albertson's, Inc., as memorialized in the Settlement Agreement attached as Appendix A to Plaintiff's Motion for Preliminary Approval of Settlement (the "Settlement Agreement"). Capitalized terms used herein shall have the same meaning as in the Settlement Agreement.

On **October 14, 2015**, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. **NO** persons appeared in Court seeking to address the

1

settlement pursuant to the Settlement Agreement. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with fax numbers who, during the period November 3, 2013 through November 5, 2013, were sent faxes by or on behalf of defendant New Albertson's, Inc. doing business as Jewel-Osco promoting its goods or services. (the "Settlement Class")

5. The Court finds that certification of the Settlement Class solely for purposes of settlement is appropriate in that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of

law and fact common to the Settlement Class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff will fairly and adequately protect the interests of the Settlement Class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. G. Neil Garrett, D.D.S., P.C. is designated as representative of the Settlement Class (the "Class Representative").

7. Daniel A. Edelman and Julie Clark of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Settlement Class Counsel.

### Class Notice

8. The class notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile to each Settlement Class Member who was identified on the Fax List. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and notice on their firm's website, www.edcombs.com. The class notice, claim form, Preliminary Approval Order, and Settlement Agreement (without

exhibits) were also posted on ClassSettlement.com's website. These forms of class notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. A total of **423** valid and timely claim forms were submitted.

### Objections and Opt-Outs

10. No objections were filed by Settlement Class Members.

11. No requests for exclusion have been submitted by the Settlement Class.

### Class Compensation

12. In accordance with the terms of the Settlement Agreement, Defendant shall pay $400,000 for the Settlement Fund, less any costs advanced for notice and administrative expenses to Settlement Class Counsel pursuant to the procedures set forth in the Settlement Agreement. Defendant has advanced $15,000.00 from the Settlement Fund for costs of notice and administration. Defendant's Counsel has confirmed in writing on October 23, 2015 that Ice Miller LLP is holding the remaining $385,000 of the Settlement Fund in the firm's client trust account.

### Releases

13. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class member shall be deemed to have granted the releases set forth in the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Award

14. The Court has considered Settlement Class Counsel's application for attorneys' fees. The Court awards Settlement Class Counsel the sum of $130,256.66 as an award of attorney's fees to be paid from the Settlement Fund within 14 days of the Effective Date, and finds this amount of fees is fair and reasonable. Any costs advanced by New Albertson's Inc. from the Settlement Fund for notice and administrative expenses are not reimbursed.

15. The Court grants Settlement Class Counsel's request for an incentive award to the Class Representative and awards $5,000.00 to G. Neil Garrett, D.D.S., P.C. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund within 14 days of the Effective Date.

## Other Provisions

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17. Neither the Settlement Agreement, the Preliminary Approval Order, this Order finally approving the settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order and Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in

this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

20. The Court orders Defendant or its agent to deliver the Settlement Fund less the $15,000 advanced for notice and administration costs to the Client Trust Account of Class Counsel, within five business days of the Effective Date.

21. The Parties are directed to deliver the amount of any uncashed settlement checks or undistributed settlement funds which it receives to the Salvation Army, Metropolitan Division (Chicago) as a *cy pres* recipient. The parties may deliver an initial *cy pres* payment to the Salvation Army, Metropolitan Division (Chicago) representing undistributable funds concurrently with the delivery of class members checks which payment shall be supplemented, if and as needed, with a second *cy pres* payment representing any uncashed settlement checks or undistributed settlement funds which may remain at the conclusion of Settlement Fund distribution.

22. Settlement Class Counsel or the Settlement Class Administrator shall file a final accounting detailing the distribution of the Settlement Fund by April 21, 2016.

23. Within 14 days of entry of this Order, the Settlement Class Administrator shall send a letter and W-9 forms to the Settlement Class Members who are entitled to recover more than $599.99, explaining they are required to submit a W-9 form to the Settlement Class Administrator within 30 days of the date

of the letter. Settlement Class Members to whom such letters are issued shall have 30 days after the date the letter was sent to respond and submit a completed a W-9 form to the Settlement Class Administrator. The Settlement Class Administrator shall withhold taxes on payments to Settlement Class Members who fail to timely submit a completed and valid W-9 form

22. Within 30 days following the expiration of time for Settlement Class Members to complete a W-9 form, the Settlement Class Administrator shall distribute the Settlement Fund to the Settlement Class Members who have submitted valid claims.

23. The Court hereby dismisses this Litigation against Defendant with prejudice and without costs, and the releases specified in the Settlement Agreement are hereby approved and the claims released pursuant to those provisions are released and discharged as of the Effective Date. The Parties are ordered to take all necessary actions to complete the settlement in accordance with the Settlement Agreement and shall comply with the terms of the Settlement Agreement.

Date: October 27, 2015

ENTERED:

_____
J(
United States District Judge